WALTER JOHNSON *v.* UNITED STATES (No. 3619)[1]

United States Court of Customs and Patent Appeals, May 22, 1933

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument April 7, 1933, by Mr. Baldwin and Mr. Folks]

[1] T. D. 46464.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported at the port of Portland, Oreg., under the Tariff Act of 1930, one thousand sacks of a mixture of 95 per centum soybean oil-cake meal and 5 per centum corn meal. The collector classified the same for duty at three-tenths of 1 cent per pound, as soybean oil-cake meal, under paragraph 730 of said tariff act. The importer protested, claiming the goods to be dutiable as mixed feeds at 10 per centum ad valorem under said paragraph. The paragraph is as follows:

PAR. 730. Bran, shorts, by-product feeds obtained in milling wheat or other cereals, 10 per centum ad valorem; hulls of oats, barley, buckwheat, or other grains, ground or unground, 10 cents per one hundred pounds; dried beet pulp, malt sprouts, and brewers' grains, $5 per ton; soybean oil cake and soybean oil-cake meal, three-tenths of 1 cent per pound; all other vegetable oil cake and oil-cake meal, not specially provided for, three-tenths of 1 cent per pound; mixed feeds, consisting of an admixture of grains or grain products with oil cake, oil-cake meal, molasses, or other feedstuffs, 10 per centum ad valorem.

On the hearing before the trial court, the protestant called and examined four witnesses. The Government introduced no testimony. Upon the conclusion of the hearing the trial court overruled the protest without sustaining the correctness of the classification made by the collector. The importer has appealed to this court, claiming here that the goods should have been classified and held dutiable as mixed feeds under said paragraph.

The trial court, speaking through Evans, Judge, held that the testimony introduced by the importer was not sufficient to show any commercial designation. The court further held as follows:

We have before us a commodity consisting of an admixture of corn meal, a grain product, and soybean oil-cake meal. If this commodity is in fact a mixed feed it would fall squarely within the provision. It, therefore, appears to be a material used in the making of mixed feeds, to which something else must be added before it is ready for use. It is axiomatic that merchandise is dutiable in the condition as imported. An imported commodity which requires the addition of some other ingredient or ingredients before it is ready for use as a mixed feed would not, in our judgment, fall within the provision for mixed feeds.

We agree with the conclusion of the trial court. The testimony that was offered as to the trade or commercial designation of the imported goods did not comply with the rule which has been stated by us on numerous occasions, that the trade or commercial designation must be established by a preponderance of the evidence, and must be definite, uniform, and general, and not local, partial, or personal. *United States* v. *Brandenstein & Co.*, 17 C. C. P. A. (Customs) 480, T. D. 43941; *Sunde & D'Evers Co.* v. *United States*, 17 C. C. P. A.

(Customs) 24, T. D. 43321. The witnesses testified, in so far as it affected a possible commercial designation, only as to trade meaning in certain States along the Pacific coast. This is not sufficient to establish a commercial designation of a term which shall be applied in the administration of a statutory provision which must be Nation-wide in its application.

As to the point raised that the imported material should be considered as a mixed feed, the testimony of the witnesses is conflicting. Some of the testimony is to the effect that the imported mixture can be used as a feed, as imported, while other testimony is to the effect that it is not possible to feed animals a mixture as high as 95 per centum of soybean oil-cake meal. The court below was right in the conclusion that the goods must be dutiable as imported. A fair construction of the statute is that the language "mixed feeds," as appearing therein, does not mean that any product is comprehended within the meaning of said terms which comprises a mixture of substances which, in themselves, might be used as components of feeds, but it should rather be construed to mean, as held by the court below, a product which, in itself, as imported, is fit for use as an animal feed.

The court below heard the witnesses, and, under the law, might judge of the credibility of their testimony and the weight to be given thereto. Having done so, and having concluded that the imported material, under the testimony, could not be used as a feed, as imported, the judgment of the court will not be disturbed, unless it is clearly contrary to the weight of the evidence. We are unable to find that such is the case. Our conclusion must, therefore, be that the judgment of the United States Customs Court should be, and it is, *affirmed.*